IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEO E. ZAMORA,

        Plaintiff,

v.                                        No. CIV-13-0559 LAM

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's *Motion to Reverse and Remand for Rehearing, With Supporting Memorandum (Doc. 16)*, filed November 25, 2013 (hereinafter "motion").   In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case.   *See* [*Docs. 6* and *8*].   On January 27, 2014, Defendant filed a response to the motion [*Doc. 17*], and, on February 7, 2014, Plaintiff filed a reply [*Doc. 18*].   The Court has considered Plaintiff's motion, Defendant's response, Plaintiff's reply, and the relevant law.   Additionally, the Court has meticulously reviewed and considered the entire administrative record.   [*Doc. 13*].   For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED** and the decision of the Commissioner of the Social Security (hereinafter "Commissioner") should be **REMANDED**.

# I.   Procedural History

On March 3 and 5, 2010, Plaintiff filed applications for Supplemental Security Income (hereinafter "SSI") and Disability Insurance Benefits (hereinafter "DIB"), respectively, alleging that he became disabled on May 31, 2009.   [*Doc. 13-8* at 2-6 and 7-10, respectively].   Plaintiff stated that he became disabled due to illiteracy.   [*Doc. 13-9* at 6].   Both applications were denied at the initial level on March 23, 2010 (*Doc. 13-6* at 6-9 and 10-13, respectively), and at the reconsideration level on July 7, 2010 (*id.* at 16-18 and 19-22, respectively).   Pursuant to Plaintiff's request (*id.* at 24), Administrative Law Judge Barry O'Melinn (hereinafter "ALJ") conducted a hearing on November 15, 2011.   [*Doc. 13-4* at 2-53].   At the hearing, Plaintiff was present, was represented by counsel and testified.   *Id.* at 9-27.   Plaintiff's wife was also present and testified.   *Id.* at 27-32.   In addition, Vocational Expert (hereinafter "VE"), Elizabeth Wheeler, was also present and testified.   *Id.* at 33-51.

On December 21, 2011, the ALJ issued his decision, finding that, under the relevant sections of the Social Security Act, Plaintiff was not disabled.   [*Doc. 13-3* at 20-27].   Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 13-14), and, on April 24, 2013, the Appeals Council denied Plaintiff's request for review (*id.* at 2-8), which made the ALJ's decision the final decision of the Commissioner.   On June 17, 2013, Plaintiff filed his complaint in this case.   [*Doc. 1*].

# II.   Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of*

*Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)).   If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief.   *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).   Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.   *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted).   An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted).   While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III. Applicable Law and Sequential Evaluation Process

For purposes of DIB and SSI, a person establishes a disability when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).   In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim.   20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).   At the first four steps of the SEP, the claimant has the burden to show that: (1) the claimant is not engaged in "substantial gainful activity;" and (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) the claimant's impairment(s) either meet(s) or equal(s) one of the "Listings" of presumptively disabling impairments; or (4) the claimant is unable to perform his "past relevant work."    20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.   At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity (hereinafter "RFC"), age, education, and work experience.   *Grogan*, 399 F.3d at 1261.

### IV.   Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Plaintiff was born on September 3, 1966.   [*Doc. 13-8* at 2].   Plaintiff has held a job as a general laborer in the construction business.   [*Doc. 13-9* at 8].   Plaintiff alleges that he is unable to work because of illiteracy.   *Id.* at 6.   Plaintiff's medical records include: two Psychiatric

Review Techniques, one by Charles F. Bridges, Ph.D., dated March 20, 2010 (*13-11* at 4-17) and one by Elizabeth Chiang, M.D., dated June 28, 2010 (*id.* at 29-42); a Mental Status Consultative Examination Report, by Mark Simpson, Psy.D., dated June 4, 2010 (*id.* at 23-28); a Mental Residual Functional Capacity Assessment by Elizabeth Chiang, M.D., dated June 28, 2010 (*id.* at 43-46); and a psychological assessment by Timothy S. Strongin, Ph.D., dated April 30, 2011 (*id.* at 47-49).   Where relevant, Plaintiff's medical records are discussed in more detail below.

At step one of the five-step evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since Plaintiff's alleged disability onset date of May 31, 2009.  [*Doc. 13-3* at 22].   At step two, the ALJ found that Plaintiff has the following severe impairments: organic mental disorder and substance addiction disorders.  *Id.*   At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404, Subpt. P, Appx. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).   *Id.* at 23.

Before step four, the ALJ determined that Plaintiff has the RFC to perform at all exertional levels, but with the following nonexertional limitations: "he is able to understand, remember and carry out simple 1-2 step instructions, make simple decisions, attend and concentrate for two hours at a time."  *Id.* at 24.   In support of the RFC finding, the ALJ stated that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment." *Id.* at 25.   The ALJ stated that he found "portions of [Plaintiff's] story unlikely and the fact he has chosen not to pay taxes further undermines [the ALJ's] confidence in his veracity."   *Id.*   The ALJ

noted that "[t]here are no treating medical sources assessments, however, the information the consultative examiner Dr. Simpson and state agency medical consultant Dr. Chiang provide [is] sufficient evidence [to] support[] [a finding that Plaintiff] is not precluded from all work activity, particularly as previously performed." *Id.* at 26.   At step four, the ALJ found that Plaintiff is capable of performing his past relevant work as a General Laborer/Construction Worker II and as a Painter, both of which is unskilled work.   *Id.*   The ALJ, therefore, determined that Plaintiff was not disabled within the meaning of the Social Security Act.   *Id.* at 27.

## V.   Analysis

Plaintiff makes the following arguments in his motion to reverse or remand: (1) the ALJ erred by failing to consider whether Plaintiff meets or equals the requirements of Listing 12.05(C) (*Doc. 16* at 7-11); (2) the ALJ erred by failing to consider the limiting effect of Plaintiff's ability to attend and concentrate (*id.* at 11-12); (3) the ALJ erred in rejecting the VE's testimony that no occupations or jobs exist in the national economy for an individual with a Level 5 General Learning Ability (*id.* at 12-13); and (4) the VE's testimony regarding Plaintiff's ability to perform his past relevant work conflicts with the Dictionary or Occupational Titles (*id.* at 13-14).   In response, Defendant argues that substantial evidence supports the ALJ's findings and the ALJ did not err in his step-three finding, his consideration of Plaintiff's ability to attend and concentrate, or his consideration of the VE's testimony.   [*Doc. 17* at 3-11].

### A.   The ALJ's Step-Three Findings

Plaintiff first contends that the ALJ erred by failing to consider whether or not Plaintiff meets or equals the requirements for Listing 12.05(C), which Plaintiff contends was applicable

6

based on evidence that Plaintiff was in special education during his six years of schooling, Plaintiff's IQ scores of 60 and 61, and the ALJ's determination that Plaintiff has the severe impairment of "organic mental disorder." [*Doc. 16* at 7-9]. In response, Defendant states that the ALJ did not err in failing to consider whether Plaintiff met or equaled Listing 12.05(C) because Plaintiff failed to show that he possessed the required deficits in adaptive functioning during the developmental period or, in other words, because Plaintiff did not present evidence of onset of the impairment before age 22. [*Doc. 17* at 4-6].

"In order to satisfy Listing 12.05, a claimant must meet the requirements of that listing's capsule definition as well as one of the four severity prongs for mental retardation as listed in the regulations." *Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir. 2009) (citation and internal quotation marks, brackets and ellipses omitted). The capsule definition for Listing 12.05 states: "Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05. The severity prong for Listing 12.05(C) requires a showing of "[a] valid verbal, performance, or full scale IQ score of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.* § 12.05(C). The second criteria for Listing 12.05(C) is that a claimant must demonstrate "a physical or other mental impairment imposing an additional and significant work-related limitation of function," is to be met by using an analysis that "closely parallel[s]" the analysis used by the ALJ at step two of the five-step evaluation process, "without consideration of whether the claimant can perform any

gainful activity beyond the analysis as made at step two." *Hinkle v. Apfel*, 132 F.3d 1349, 1352-53 (10th Cir. 1997).

Here, the ALJ considered whether Plaintiff met Listings 12.02 (Organic Mental Disorders) or 12.09 (Substance Addiction Disorders), but did not evaluate whether he met Listing 12.05 (Mental Retardation), and instead concluded that "the evidence fails to establish the presence of the 'paragraph C' criteria." *See* [*Doc. 13-3* at 23].   The ALJ's failure to do so is in error because it leaves the Court with no record as to why the ALJ found the evidence regarding Plaintiff's mental impairments insufficient to satisfy Listing 12.05(C).   *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (holding that the ALJ's failure to discuss the evidence or his reasons for determining that the claimant was not disabled at step three was in error because "[i]n the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that appellant's impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion"); *see also Peck v. Barnhart*, No. 05-4090, 214 Fed. Appx. 730, 734-35, 2006 WL 3775866 (10th Cir. Dec. 26, 2006) (unpublished) (holding that the ALJ erred in failing to discuss Listing 12.05 or his reasons for rejecting its applicability to the claimant beyond a bare conclusion that the exhibits and testimony in the record did not establish that a Listing was met, making judicial review of his conclusion impossible).

Defendant contends that the ALJ did not err in failing to discuss Listing 12.05 because Plaintiff's activities of daily living are inconsistent with a finding of deficits in adaptive functioning during the developmental period, and because the mental status examination of

Mark Simpson, Psy.D. refutes Plaintiff's claims of listing-level mental retardation.   [*Doc. 17* at 5-6].   As the Tenth Circuit explained in *Peck*, however, "[w]hile these facts may cut against a finding that [the claimant] satisfied the capsule definition [of Listing 12.05(C)], they by no means conclusively resolve the question one way or the other."   214 Fed. Appx. at 736.   Because there is evidence in the record that supports a finding that Plaintiff meets or equals Listing 12.05(C), such as that Plaintiff received special education services throughout his time in school (*see Doc. 13-4* at 17), Plaintiff's IQ scores of 61 (*Doc. 13-11* at 26) and 60 (*id.* at 48), and the ALJ's finding that Plaintiff has a severe impairment of an organic mental disorder (*Doc. 13-3* at 22), the ALJ's failure to discuss the evidence or his reasons for finding that Plaintiff does not meet or equal Listing 12.05(C) is in error.   Defendant's attempt to remedy the ALJ's failure to discuss Listing 12.05 by supplying the justification for the ALJ's conclusion, is an impermissible *post hoc* rationalization.   *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (explaining that reviewing courts may only evaluate an ALJ's decision "based solely on the reasons stated in the decision," and that it would be improper for a reviewing court or the Commissioner to "supply[] possible reasons" for an ALJ's decision after the fact) (citation omitted); *see also Havenar v. Astrue*, No. 10-5157, 438 Fed. Appx. 696, 699, 2011 WL 4000821 (10th Cir. Sept. 9, 2011) (unpublished) (rejecting the Commissioner's contention that the ALJ's failure to consider Listing 12.05(C) was justified because the claimant could not satisfy the capsule definition of the listing, stating: "The problem with this argument is the ALJ never made any findings regarding the capsule definition, and it would be beyond the scope of appellate review to make such a finding in

the first instance.   Indeed, any such finding would be an impermissible post-hoc justification for the ALJ's deficient explanation.") (citation omitted).

Even though the Tenth Circuit has held that the ALJ was not required to address Listing 12.05 even though the claimant had an IQ score of 67 and some evidence of mental deficiencies (*see Bland v. Astrue*, No. 10-3223, 432 Fed. Appx. 719, 722-23, 2011 WL 1571463 (10th Cir. April 27, 2011) (unpublished)), the Court finds that the facts of that case are significantly different from the facts here.   In *Bland*, the claimant completed the 11th grade taking regular classes, was never in special education classes in school, and had a successful work history, including semiskilled work which, as the Tenth Circuit noted, is "inconsistent with mental retardation."   432 Fed. Appx. at 723 (citation omitted).   There is no such evidence in this case, where Plaintiff was only in school through the sixth-grade, was in special education the entire time, and only worked in unskilled jobs.   As stated above, this evidence, along with Plaintiff's IQ scores and the ALJ's finding that Plaintiff has a severe organic mental disorder, could provide a basis for a finding that Plaintiff meets or equals Listing 12.05(C), and the ALJ erred in failing to consider this listing.

### B.   Plaintiff's Remaining Claims

In addition to his step-three claim, Plaintiff contends that the ALJ erred in his decision at step four.   [*Doc. 17* at 7-11].   Because the Court has found that this case should be remanded so that the Commissioner can reconsider the ALJ's step-three findings, the Court finds that it is unnecessary to reach Plaintiff's remaining claims because they may be affected by the ALJ's findings on remand.   *See Robinson*, 366 F.3d at 1085 (declining to reach the claimant's step-five

claims because they may be affected by the ALJ's resolution of the case on remand) and *Lopez v. Astrue*, No. 09-2187, 371 Fed. Appx. 887, 889 and 892 n.6, 2010 WL 1172610 (10th Cir. March 29, 2010) (unpublished) (after finding that the ALJ erred by failing to articulate what weight she gave to the treating physicians' opinions, the Tenth Circuit declined to reach claims regarding the ALJ's reliance on the VE's testimony, the ALJ's credibility assessment, and the claimant's subjective complaints of pain, because those issues may be affected by the ALJ's treatment of the case on remand) (citing *Robinson*, 366 F.3d at 1085).

## VI.   Conclusion

For the reasons stated above, the Court **FINDS** that the Commissioner's decision should be remanded to properly consider Listing 12.05(C) at step three as set forth above.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Plaintiff's ***Motion to Reverse and Remand for Rehearing, With Supporting Memorandum*** *(Doc. 16)* is **GRANTED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.   A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

*Lourdes a. Martinez*

**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**