IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEO E. ZAMORA,

        Plaintiff,

v.                                            No. CIV-13-0559 LAM

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

        Defendant.

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [*Doc. 23*] AND DENYING AS MOOT PLAINTIFF'S SECOND MOTION FOR ATTORNEY FEES [*Doc. 24*]

**THIS MATTER** is before the Court on Plaintiff's motion for attorney fees under the Equal Access to Justice Act [*Doc. 23*],[1] filed on July 3, 2014, in the amount of $8,991.00. No response to the motion has been filed, and the time for doing so has passed, which constitutes consent to grant the motion. *See* D. N.M. LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). This matter is also before the Court on Plaintiff's second motion for attorney fees [*Doc. 24*], filed on August 12, 2014, asking for the same amount. Plaintiff states that both of the motions are unopposed. Having considered the motions, the record in this case, and the relevant law, the Court **FINDS** that Plaintiff's first motion for attorney fees [*Doc. 23*] shall be **GRANTED in part and DENIED in part**, and Plaintiff's second motion for attorney fees [*Doc. 24*] shall be **DENIED as moot**.

---

[1] Plaintiff's motion is not in compliance with Local Rule 10.1, which requires that the text of documents presented for filing to be double spaced. *See* D.N.M. LR-Civ. 10.1. The Court instructs counsel for Plaintiff to comply with this rule for future filings.

In both of his motions, Plaintiff asks for the attorney fees to be paid directly to his attorney. *See* [*Doc. 23* at 1] and [*Doc. 24* at 1]. However, this is expressly prohibited by well-established, Tenth Circuit case law. *See Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007) (holding that an award of EAJA fees is to be paid to the claimant, and not to the claimant's attorney). Therefore, the Court will order that Plaintiff be paid the attorney fees in accordance with the holding in *Manning*.

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiff's first motion for attorney fees [*Doc. 23*] is **GRANTED in part and DENIED in part**, and Plaintiff is authorized to receive **$8,991.00** for payment to Plaintiff's attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that, if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's attorney shall refund the smaller award to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 n.4 (2010) (explaining that, if a claimant's counsel is ultimately granted attorney fees under § 406(b) out of the claimant's benefit award, the claimant's attorney must refund to the claimant the amount of the smaller fee).

**IT IS FURTHER ORDERED** that Plaintiff's second motion for attorney fees [*Doc. 24*] is **DENIED as moot**.

**IT IS SO ORDERED**.

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**